Judge Nicholas
delivered the Opinion of the Court.
In 1824, Roman obtained judgment, by default, against the defendants ás the heirs of Thomas Caldwell, but the judgment contained no direction to be levied of the estate descended. In 1831, the circuit court, on the motion of the defendants, caused it to be amended, nunc pro tunc, so as to render it leviable of the estate descended alone.
It is contended, that the error was not such as could be amended by the circuit court, after the term at which the judgment was rendered; and if it was, still, that the application to amend came too late, after the lapse of near seven years.
If the power of the court to máke such a correction at another term were to be tested alone by the earlier English decisions, or by whatever of consistent principle is to be extracted from the multifarious cases on the subject of amendments, we should have much difficulty in sustaining such power. But it was determined, Short vs. Coffin, 5 Burr. 2730, that a judgment de bonis propriis, where it should have been de bonis iestatoris, was a mere clerical misprison, amendable at a subsequent term, and that decision has been adopted and followed by this court. Speed vs. Hann, 1 Mon. 19. Smith vs. Todd, 3 J. J. Mar. 298. The case of a judgment against heirs is so perfectly analogous in every particular, that there is no room for a legal distinction, and it must be governed by the same principle.
There is no statutory bar to the making these amendments ; but it is contended, they should be barred by the statutory limitation to writs of error, upon the same principle that a court of equity prescribes that bar to a bill of review. But there does not exist sufficient ar, *21 alogy between the two classes of cases to justify such application of that principle. If any case could be found where a court of equity had refused to amend a clerical misprison in a decree, after the time allowed for prosecuting writs of error, then the analogy would be complete. But no such decision has been cited, nor have we been able to find any. A writ of error operates by correcting an error in the judgment of the court. An amendment corrects no error in the judgment of the court, but only what is considered a mere slip or mistake of the clerk in entering it up. It is merely made to read according to what it is supposed necessarily to have been when rendered. The legislature having prescribed the bar as to writs of error, and not as to amendments, is an indication of its opinion and of its will that there was such a distinction between them, as to require this difference in the'law concerning them. It wrould be an act of supererogation on the part of the court to say, there was no such distinction, and to bring them both within the same bar, by reason of any supposed parity of reasoning equally requiring it as to both.
In Smith vs. Todd, 3 J. J. Marshall, a similar amendment of a judgment against an executor, rendered in 1816, was allowed to be made in- 1828, and it is there said, that such amendment may be made at any time’ whilst the judgment remains in force.
Judgment affirmed, with costs.